United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30753
Summary Calendar

LETITIA W. RABY,

Plaintiff-Appellant,

versus

WESTSIDE TRANSIT, A/K/A ATC/VANCOM, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-1000
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Letitia Raby, a former employee of Westside Transit, appeals from the district court's dismissal of her Title VII claims after a motion for summary judgment. We review de novo under the same standards applied by the district court. City of Shoreacres v. Waterworth, 420 F.3d 440, 445 (5th Cir. 2005). Petitioner alleged four claims of discrimination based on sex and race: 1) that she was paid unequal wages; 2) that she was denied a promotion; 3) that she was subjected to unequal terms and conditions of employment; and 4) that she was discharged.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To make a prima facie showing of disparate treatment through the payment of unequal wages, the plaintiff must show that she was paid less than another employee who was not a member of the protected class for work requiring substantially the same responsibility. Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir. 1984). Petitioner points only to a male employee with a higher salary who was an "operations supervisor" and who was laid off three years before she became an "assistant general manager." Petitioner has not shown that the positions have similar responsibilities or that another employee was paid more during the period she held the assistant general manager position.

To make a prima facie case of discrimination under a failure to promote claim, the plaintiff must show that she was qualified for the position she sought. Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001). Here, petitioner pointed to an open position as general manager and alleges that Westside discriminated against her by failing to make her aware of the opportunity. However, the position required five years of experience in the transit industry, while the plaintiff possessed only three. She was thus not qualified for the position at the time it was available.

To make a prima facie case that she was subjected to a hostile work environment, the plaintiff must show that she was the victim of uninvited sexual or racial harassment and that the harassment was based on sex or race. Walker v. Thompson, 214 F.3d 615, 626 (5th Cir. 2000). While petitioner has alleged that abusive conduct

from other employees was directed at her, the conduct alleged does not have any apparent connection to her race or gender.

To make a <u>prima facie</u> showing that her firing was retaliatory, the plaintiff must show that she engaged in an activity protected by Title VII. <u>Grimes v. Texas Dep't of Mental Health and Mental Retardation</u>, 102 F.3d 137, 140 (5th Cir. 1996). An employee has engaged in activity protected by Title VII if she has: 1) opposed any practice made an unlawful employment practice by Title VII, or 2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. <u>Id.</u> The petitioner has not alleged that she engaged in any protected activity.

Because the petitioner has not made the required showings as to any of her claims, the decision of the district court to grant summary judgment is AFFIRMED.